**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** ) | |
| ) | |
| **PLAINTIFF,** ) | Civil No. 4:11-cv-577 |
| ) | |
| **v.** ) | Judge Richard A. Schell |
| **JODY DUNN,** ) | |
| ) | |
| **DEFENDANT.** ) | |
| ) | |

### FINAL JUDGMENT AS TO DEFENDANT JODY DUNN

The Securities and Exchange Commission having filed a Complaint and Defendant Jody Dunn ("Defendant") having entered a general appearance; consented to the court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUGED, AND DECREED that, Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] to use the mails or any means or instrumentality of interstate commerce, directly or indirectly, to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security unless defendant is registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $353,068, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $81,566.54, for a total of $434,634.54.  Based on Defendant's sworn representations in his Statement of Financial Condition dated November 2011, and other documents and information submitted to the Commission, however, the court is not ordering Defendant to pay a civil penalty and payment of disgorgement and pre-judgment interest thereon is waived.  The determination not to impose a civil penalty and to waive payment of disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at

4

its sole discretion and without prior notice to Defendant, petition the court for an order requiring

Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment

interest thereon, and the maximum civil penalty allowable under the law.  In connection with any

such petition, the only issue shall be whether the financial information provided by Defendant

was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such

representations were made.  In its petition, the Commission may move this court to consider all

available remedies, including, but not limited to, ordering Defendant to pay funds or assets,

directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The

Commission may also request additional discovery.  Defendant may not, by way of defense to

such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the

allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement,

pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the

amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition

of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or

remedy, including, but not limited to, any statute of limitations defense.  Defendant shall also

pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.  The Clerk of Court shall close this case.

**SIGNED this the 29th day of September, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE